Kara A. Ritter Cole, Bar No. 306515
kcole@littler.com
Stephanie A. Kierig, Bar No. 312294
skierig@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
VERSUM MATERIALS US, LLC

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEONDRE THOMAS, an individual, on behalf of himself and on behalf of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERSUM MATERIALS US, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:26-cv-04219<br><br>*[Removed from Santa Clara County Superior Court Case No. 26CV487185]*<br><br>**DEFENDANT VERSUM MATERIALS US, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]**<br><br>Trial Date: Not Yet Set<br>Complaint Filed: February 17, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF KEONDRE THOMAS AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant VERSUM MATERIALS US, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1441 and 1446. Removal is based upon the original jurisdiction of this Court over the Parties under 28 U.S.C. sections 1332(a) and 1332(d).

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

**VENUE**

2. This action was filed in the Superior Court for the State of California, County of Santa Clara. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(a), 1391(b), 1441(a), and 1446(a).

**PLEADINGS, PROCESS, AND ORDERS**

3. On February 17, 2026, Plaintiff KEONDRE THOMAS ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendant in the California Superior Court for the County of Santa Clara entitled *Keondre Thomas v. Versum Materials US, LLC*, Case No. 26CV487185 (the "State Court Action"). (*See* Declaration of Stephanie A. Kierig in Support of Notice of Removal to Federal Court ["Kierig Decl."], ¶ 2, **Exhibit A**.)

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

4. Plaintiff's Complaint asserts the following causes of action: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) Failure to Pay Minimum Wages in Violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1; (3) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code § 510; (4) Failure to Provide Required Meal Periods in Violation of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order; (5) Failure to Provide Required Rest Periods in Violation of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order; (6) Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Lab. Code § 226; (7) Failure to Reimburse Employees for Required Business Expenses in Violation of Cal. Lab. Code § 2802; and (8) Failure to Pay Sick Pay Wages in Violation of Cal. Lab. Code §§ 201-203, 233, and 246. The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them. (Kierig Decl., ¶ 2, **Exhibit A**.)

5. On April 7, 2026, Plaintiff served Defendant with the Complaint, Summons, Civil Case Cover Sheet, Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline, and Alternative Dispute Resolution Information Sheet (the "Service Packet") via personal service on Defendant's registered agent for service of process. (Kierig Decl., ¶ 3, **Exhibit A**.)

6. Plaintiff filed a Proof of Service of Summons in the State Court Action on April 7, 2026. (Kierig Decl., ¶ 4, **Exhibit B**.)

7. On May 7, 2026, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action and served a copy on Plaintiff's counsel of record. (Kierig Decl., ¶ 5, **Exhibit C**.)

8. Pursuant to 28 U.S.C. section 1446(a), **Exhibits A through C** to the concurrently filed Declaration of Stephanie A. Kierig constitute all process, pleadings, and orders filed in the State Court Action. (Kierig Decl., ¶ 6.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

9. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*See* Kierig Decl., ¶ 7.)

**INDIVIDUAL AND DOE DEFENDANTS**

10. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. *See* 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

**TIMELINESS OF REMOVAL**

11. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day removal period runs from the service of the summons and complaint and informal receipt of a summons and complaint is insufficient to trigger the removal period).

12. Plaintiff personally served the Service Packet upon Defendant's agent for service of process on April 7, 2026. (*See* Kierig Decl., ¶¶ 3-4, **Exhibit B**.) Thus, the 30-day deadline to file a Notice of Removal in this case falls on May 7, 2026. *See* Fed. R. Civ. P. 6.

13. This Notice of Removal is timely under 28 U.S.C. section 1446(b), as it is being filed within 30 days of service of the Complaint and within one year after commencement of this action. (*See* Kierig Decl., ¶¶ 3-4, **Exhibit B**.)

**DIVERSITY JURISDICTION**

14. Any civil action commenced in state court is removable if it could have been brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties (*i.e.*, Plaintiff and Defendant must be "citizens" of

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

different states); and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and the fact that the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

**A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

***1. Plaintiff is a Citizen of the State of California.***

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile).

17. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California. (*See* Declaration of Jason Clark ["Clark Decl."], ¶ 4; *see also* Kierig Decl., **Exhibit A** [Complaint, ¶ 3].) Therefore, Plaintiff is a citizen of California. *See State Farm Mutual Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

***2. Defendant is a Citizen of Delaware.***

18. Defendant is not a citizen of California. For diversity purposes, a limited liability company's citizenship "is determined by examining the citizenship of each of its members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC "is a citizen of every state of which its owners/members are citizens."). A corporation is

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (a corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

19. The sole member of Versum Materials US, LLC is Versum Materials, Inc., which is a corporation formed under the laws of the State of Delaware. (Declaration of Monica Elliott ["Elliott Decl."], ¶ 2.)

20. Versum Materials, Inc. is a holding company that does not have active business operations. (Elliott Decl., ¶ 3.) Versum Materials, Inc. does not have assets or employees, nor does it lease facilities. (*Id.*)

21. "[M]any courts have held that the principal place of business for such a company is where the company's board meetings are held, 'unless evidence shows that the corporation is directed from elsewhere.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018)).

22. Versum Materials, Inc. is governed by a Board of Directors. (Elliott Decl., ¶ 3.) Versum Materials, Inc.'s Board does not conduct meetings in a physical location but instead fulfills its annual meeting obligation solely through signed written consent. (*Id.*)

23. Because the sole member of Versum Materials US, LLC is Versum Materials, Inc., which is a corporation incorporated in Delaware with no principal place of business, Defendant is a citizen of Delaware for diversity purposes. Defendant is not a citizen of California because its sole member is not a citizen of California.

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

***3. Complete Diversity is Satisfied.***

24. Plaintiff is a citizen of the State of California and Defendant is a citizen of Delaware. Thus, complete diversity exists in this action.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

25. Defendant need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum of $75,000, exclusive of interest and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment, but does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2). Further, the United States Supreme Court has held that under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). Such language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* Thus, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

26. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) [stating the amount in controversy analysis presumes that "plaintiff prevails on liability."]). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). "The

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Further, in determining the amount in controversy, a court may consider attorneys' fees. *See id.*

27. Here, as set forth more fully below, the Court can reasonably ascertain from Plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.").

28. Plaintiff began working for Defendant on or about August 14, 2023, and he remains employed by Defendant. Accordingly, as of the date of this removal, Plaintiff has worked for Defendant for approximately 143 workweeks. (*See* Kierig Decl., **Exhibit A** [Complaint], ¶ 3; Clark Decl., ¶ 3.) Plaintiff's current base hourly rate of pay is $38.95. (Clark Decl., ¶ 3.)

29. **Minimum Wages.** Plaintiff alleges that Defendant required Plaintiff to work while off the clock and that Plaintiff's meal periods were interrupted by work assignments. (Kierig Decl., **Exhibit A** [Complaint], ¶¶ 8, 13.) Plaintiff further alleges that Defendant "had a uniform practice of rounding the actual time worked and recorded by Plaintiff," which resulted in unpaid wages. (*Id.*) Plaintiff seeks to recover unpaid minimum wages, interest, statutory costs, penalties, liquidated damages, and attorneys' fees on his claim for unpaid minimum wages. (*Id.*, ¶ 71 and Prayer for Relief, ¶¶ 2-3.)

30. Assuming three hours of unpaid minimum wages per workweek, then Plaintiff has placed into controversy **$16,709.55**. ($38.95/hour x 3 hours per workweek x 143 workweeks), in addition to attorneys' fees (discussed below).

///

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint and are for purposes of removal only. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever. Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.



LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

31. **Overtime Wages.** Plaintiff alleges that Defendant failed to pay all overtime wages owed to him due to off-the-clock work. (Kierig Decl., **Exhibit A** [Complaint], ¶ 8, 13.) Plaintiff further alleges that Defendant failed to pay him overtime at the correct regular rate of pay, because Defendant failed to incorporate incentive pay in the regular rate of pay calculations. (*Id.*, ¶¶ 9-10.) Plaintiff seeks to recover unpaid overtime wages, interest, statutory costs, penalties, liquidated damages, and attorneys' fees and costs on this claim. (*See id.*, ¶ 85 and Prayer for Relief, ¶¶ 2-3.)

32. Thus, assuming *arguendo* that Plaintiff was not paid overtime wages for two hours per workweek during the statutory period, Plaintiff's allegations put at least an additional **$16,709.55** in controversy (base overtime rate of $58.425 x 2 hours per workweek x 143 workweeks). *See Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1039-42 (N.D. Cal. 2014) (finding it reasonable to assume one hour of unpaid overtime per week where the plaintiff's complaint "does not allege precisely how often this occurred or how much she is seeking in damages for this violation"); *Long v. Destination Maternity Corp.*, No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *7 (S.D. Cal. April 21, 2016) ("Defendant estimates one hour of unpaid overtime per putative class member per week. Defendant's estimates are reasonable based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages and that Defendant 'willfully fail[ed] to pay all overtime wages due to Plaintiff and the other class members.'").

33. Further, assuming *arguendo* that Defendant failed to properly include all categories of remuneration in its calculation of Plaintiff's regular rate of pay, as he alleges, potential damages on Plaintiff's overtime claim are even higher.

34. **Meal Period and Rest Break Violations.** Plaintiff alleges that due to his "rigorous work schedule," he was not fully relieved of duty for his meal periods and did not receive legally compliant meal periods. (*See* Kierig Decl., **Exhibit A**, ¶ 11.) Plaintiff further claims that: he was not provided with uninterrupted meal and rest periods; his meal and rest periods were short, missed, or late; he was not provided with second meal periods when he worked shifts over 10 hours long; and Defendant rounded his time records to avoid

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

paying meal period penalties. (*See id.*, ¶¶ 11-13, 87-88, and 91-92.) Plaintiff further alleges that Defendant "did not have a policy or practice which provided timely off-duty meal and rest breaks to Plaintiff and also failed to compensate Plaintiff for Plaintiff's missed meal and rest breaks." (*Id.*, ¶ 22.) Finally, Plaintiff alleges that Defendant failed to include all categories of remuneration in its calculation of Plaintiff's regular rate of pay for purposes of meal and rest period premiums. (*Id.*, ¶ 10.) Plaintiff seeks to recover unpaid meal and rest period premium wages, interest, penalties, costs of suit, and attorneys' fees. (*See id.*, ¶¶ 89 and 93 and Prayer for Relief, ¶¶ 2-3.)

35. If Plaintiff sustains his burden of proof, he could be entitled to one hour of premium pay at his regular rate of pay for a maximum of one missed meal period and one hour of premium pay for one missed rest break in a single workday. *See United Parcel Service Wage & Hour Cases*, 196 Cal.App.4th 57, 70 (2011) (holding that employees may recover up to two additional hours of pay in a single workday for meal period and rest period violations); *see also Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal.5th 858 (2021).

36. Based on Plaintiff's allegations in the Complaint, modestly assuming three meal period violations and three rest break violations per workweek, at Plaintiff's *minimum* base hourly rate of $38.95, his potential damages for his meal and rest break claims are **$33,419.10** ([3 meal period premiums per workweek + 3 rest break premiums per workweek] x $38.95 hourly rate x 143 workweeks).

37. Additionally, assuming *arguendo* that Defendant failed to properly include all categories of remuneration in its calculation of Plaintiff's regular rate of pay for purposes of paying meal and rest period premiums, as Plaintiff alleges in his Complaint, potential damages on his meal and rest period claims are even higher.

38. **Wage Statements.** Plaintiff alleges that Defendant failed to furnish him with accurate, itemized wage statements showing the correct gross and net wages earned, the accurate total hours worked each pay period, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law. (Kierig Decl.,

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

**Exhibit A** [Complaint], ¶¶ 14 and 96-97.) Plaintiff seeks recovery of his actual damages, liquidated damages, penalties, attorneys' fees, and costs of suit. (*See id.*, ¶ 97 and Prayer for Relief, ¶¶ 2-3.)

39. Under Labor Code section 226(e)(1), damages can be "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)," and a plaintiff who prevails on this claim is entitled to recover her reasonable attorneys' fees and costs.

40. Accordingly, it is reasonable to assume that under Plaintiff's theory, each wage statement allegedly fails to include accurate hours worked, hourly rates, hourly rates, total wages earned. (*See Duberry v. J. Crew Group, Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to the inaccurate wage statement claim); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (courts may consider maximum penalty in calculating amount in controversy for wage statement claim) (overruled on other grounds in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

41. Plaintiff's wage statement claim is subject to a one-year statute of limitations. *See Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under California Code of Civil Procedure section 340(a)). Assuming Defendant issued 26 bi-weekly wage statements to Plaintiff during the statutory period, actual penalties would amount to $2,550.00 ($50 for first violation + $100 x 25 subsequent violations), though the penalties will continue to accrue during the course of this litigation. Accordingly, assuming trial in this matter proceeds at least one year from now, Plaintiff is likely to claim the maximum amount of wage statement penalties, which is **$4,000.00**.

42. **Business Expenses.** Plaintiff alleges that Defendant failed to reimburse him for all necessary business expenses in violation of California Labor Code section 2802, including for use of his personal cell phone. (Kierig Decl., **Exhibit A** [Complaint], ¶¶ 20-

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

21 and 100.) Plaintiff seeks to recover damages, interest, and attorneys' fees and costs on this claim. (*See id.*, ¶ 101 and Prayer for Relief, ¶¶ 2-3.)

43. Conservatively assuming Plaintiff is owed $10 per workweek for business expenses, including use of her personal cell phone in connection with her job duties, the amount in controversy for this claim is **$1,430.00** (143 workweeks x $10 per week).

44. **Sick Pay Violations.** Plaintiff alleges that Defendant underpaid him sick pay wages because sick hours were paid at Plaintiff's base rate of pay rather than at his "correct, higher regular rate of pay," which would include all non-discretionary remuneration. (Kierig Decl., **Exhibit A** [Complaint], ¶¶ 15-17 and 104.) Plaintiff seeks to recover unpaid sick pay wages, penalties, interest, attorneys' fees, and costs of suit. (*Id.*, ¶¶ 105-107.)

45. Under Labor Code section 248.5, penalties for an employer's violation of sick pay provisions range from $50 to $250 for each day or portion of a day a violation occurs, not to exceed an aggregate of $4,000. (*See* Cal. Lab. Code §§ 248.5(b)(2)-(3) and (e).) Plaintiff's Complaint fails to assert the number of sick pay violations he allegedly suffered. However, taking a conservative estimate of half of the maximum penalty amount, this adds an additional **$2,000.00** to the amount in controversy.

46. **Waiting Time Penalties.** Without asserting a separate or standalone cause of action, Plaintiff also alleges that Defendant "regularly failed to pay Plaintiff" his correct wages, and he is therefore entitled to waiting time penalties under California Labor Code sections 201-203. (*See* Kierig Decl., **Exhibit A** [Complaint], ¶¶ 18, 71, 85, and 106.)

47. Under California Labor Code section 203, for each failure to pay an employee all wages owed at the time of separation from employment, the employee is entitled to her normal daily wages, for each day the wages are withheld after separation, for a maximum of thirty (30) days. *See* Cal. Civ. Proc. Code § 338(a); *Mamika v. Barca*, 68 Cal.App.4th 487, 492-94 (1998).

48. Plaintiff's hourly rate of pay is $38.95 and, according to the Complaint, he has worked in excess of 8 hours in a workday, and/or in excess of 12 hours in a workday, and/or in excess of 40 hours in a workweek. (*See* Kierig Decl., **Exhibit A** [Complaint], ¶

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

77.) Thus, even assuming an average of 40 hours per week, Plaintiff's average daily rate of pay is $311.60 ($38.95 per hour x 8 hours). Thus, assuming Plaintiff could recover waiting time penalties (which Defendant expressly does not concede), his claim would put up to an additional **$9,348.00** into controversy ($311.60 daily rate x 30 days).

49. **Attorneys' Fees and Costs.** Plaintiff also seeks to recover his attorneys' fees and costs incurred in prosecuting his claims. (*See* Kierig Decl., **Exhibit A** [Complaint], ¶ 107 and Prayer for Relief, ¶ 3(C).)

50. Attorneys' fees are included in the amount in controversy since the California Labor Code allows recovery of such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000); *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). The Ninth Circuit has further opined that prospective attorneys' fees must be included in the amount in controversy where such fees are recoverable by statute or contract. *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]here is no question that future [attorney's fees] are 'at stake' in the litigation."); *see also Arias v. Residence Inn by Marriott*, No. 19-55803, Sept. 3, 2019 (9th Cir. 2019).

51. Plaintiff may recover attorneys' fees on his wage and hour claims because various sections of the California Labor Code, including Labor Code sections 1194 and 226(e), specifically authorize awards of reasonable attorneys' fees to a prevailing plaintiff. While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

52. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *See Simmons*, 209 F. Supp. 2d at 1034-35 (attorneys' fees necessarily accrue until an action is resolved; thus district courts will project fees beyond removal). "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. Ace Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).

53. At a modest assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (250 x $300 = $75,000), which is a conservative estimate of the time required to litigate wage and hour claims through trial. Assuming trial is in 18 months, Plaintiff's counsel would have to spend less than 14 hours ***per month*** on this case (250/18 = 13.89), or roughly 20.8 hours per month assuming trial is in 12 months, to incur $75,000 in attorneys' fees. Moreover, attorneys' fees awards in employment matters often exceed $75,000 in wage and hour cases. *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *3 (N.D. Cal. April 15, 2010) (denying a plaintiff's motion to remand by finding that the anticipated attorneys' fees were sufficient to exceed the $75,000 threshold where plaintiff's wage and hour claims totaled only $38,747); *see also Martin v. The "Old" Turner Inn*, No. BC256037, 2003 WL 22416020 (Cal. Sup. Feb. 27, 2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages); *Bandoy v. Huh*, No. BC132233, 1996 WL 675978 (Cal. Sup. Sep. 26, 1996) (awarding $73,680 in attorneys' fees in a wage-and-hour employee misclassification case in which the plaintiff recovered over $200,000 in unpaid wages); *see also Cameron v. Sun Life Assurance Co.*, 757 F. Supp. 3d 1083, 1090-91 (C.D. Cal. 2024) (attorneys' fees between $700 and $800 per hour were reasonable); *Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195-WVG, 2023 WL 2229267, at *9-10 (S.D. Cal. Feb. 24, 2023) (collecting cases finding fees between $450 and up to $900 per hour reasonable).

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

54. Notably, the Court may properly disregard Plaintiff's conclusory allegation that his individual amount in controversy does not exceed $75,000. (*See* **Exhibit A** [Complaint], ¶ 22.) "[T]he amount in controversy is not limited to damages incurred prior to removal," but instead "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co*., 888 F3d 413, 414-415 (9th Cir. 2018); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F3d 785, 788 (9th Cir. 2018) (amount in controversy includes future attorney fees recoverable by statute or contract). Thus, unless Plaintiff is going to affirmatively disavow and strike all references to his claims for recovery of "statutory costs" and the Prayer for Relief expressly seeking attorneys' fees, the Court must consider those potential fees in consideration of the amount in controversy. Given the hourly rate of attorneys' fees, the expected life of the case, and that fees are statutorily awarded, Defendant has met the preponderance standard that at least, and likely more than, $75,000 in attorneys' fees are included in the amount in controversy.

55. Thus, an attorneys' fees award alone in this case could easily exceed $75,000. Defendant also anticipates that Plaintiff's counsel will request substantially higher fees through trial, including expert and related court costs, if Plaintiff prevails on her claims.

56. Defendant has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum, as attorneys' fees alone are likely to meet the jurisdictional minimum and any and all damages – calculated or unspecified – exceed the amount.

## NOTICE TO PLAINTIFF AND STATE COURT

57. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, as required by 28 U.S.C. section 1446(d), Defendant will promptly provide written notice of this Notice of Removal to Norman B. Blumenthal, Kyle R. Nordrehaug, Aparajit Bhowmik, Nicholas J. De Blouw, and Victoria B. Rivapalacio, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Santa Clara County Superior Court. (*See* Kierig Decl., ¶ 8.)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: May 7, 2026

LITTLER MENDELSON, P.C.

*/s/ Stephanie A. Kierig*
Kara A. Ritter Cole
Stephanie A. Kierig
Attorneys for Defendant
VERSUM MATERIALS US, LLC

4936-5903-3257 / 057842.1257