UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEONDRE THOMAS,
Plaintiff,
v.
VERSUM MATERIALS US, LLC,
Defendant.

Case No. 26-cv-04219-NW

**ORDER DEFERRING RULING ON MOTION TO COMPEL AND DIRECTING BREIFING RE SUBJECT MATTER JURISDICTION**

Re: ECF No. 23

Plaintiff Keondre Thomas brings this action "on behalf of himself and all other similarly situated current and former employees" of Defendant Versum Materials US, LLC ("VM LLC"), alleging California labor code violations related to meal-breaks, and wage compensation (ordinary, overtime, and sick pay), and business expense reimbursement. ECF No. 1-2 ¶¶ 3–4, 8. Plaintiff originally brought suit in California state court, and VM LLC removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 4–5. Before the Court is VM LLC's motion to compel arbitration. ECF No. 23. For the following reasons, the Court DEFERS the motion and ORDERS the parties to submit supplemental briefing regarding subject matter jurisdiction.

As the party removing this action to federal court, VM LLC bears the burden of showing that this Court has subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To support diversity of citizenship,[1] VM LLC explains that Plaintiff is a citizen of California, while VM LLC's citizenship "is determined by examining the citizenship of each of its members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). VM LLC's sole member is Versum Materials, Inc. ("VM Inc."), a corporation formed under the laws of Delaware, but which

[1] VM LLC has made a detailed and sufficient showing that amount in controversy is greater than $75,000. *See* ECF No. 1 at 7–15.

is "a holding company that does not have active business operation." ECF No. 1 at 6. VM Inc., "[a] corporation[,] is deemed to be a citizen of the state of incorporation and the state of its principal place of business." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). Thus, VM LLC is also a citizen of VM Inc.'s state of incorporation and its principal place of business.

VM Inc.'s state of incorporation is Delaware, so VM LLC is a citizen of Delaware. *See* ECF No. 1 at 6. As for the principal place of business, for a "holding company such as [VM Inc.] that has engaged in no activity other than incorporation," the Ninth Circuit has held that its "principal place of business is the place where it has its board meetings . . . unless evidence shows that the corporation is directed from elsewhere." *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018). Unlike in *3123 SMB LLC*, here VM LLC explains that VM Inc.'s board "does not conduct meetings in a physical location but instead fulfills its annual meeting obligation solely through signed written consent." ECF No. 1 at 6. VM LLC asserts on that basis that VM Inc. has "no principal place of business." *Id.*

But VM LLC provides no support for the proposition that a corporation can have no principal place of business. To the contrary, "every corporation has a principal place of business, and has only one of them." *Colmenares v. Paedae, Inc.*, No. 21-cv-5221-DMG (KSx), 2021 WL 4934976, at *4 (C.D. Cal. Oct. 22, 2021) (*Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). This is true even if VM Inc.'s board of directors conducts its business remotely, in writing, via the Internet. *Cf. Hertz*, 559 U.S. at 95–96 ("[U]nder the 'nerve center' test we adopt today, there will be hard cases. For example, in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet.").[2]

[2] Pre-*Hertz*, the Circuit Courts of Appeals were split even on whether a wholly *inactive* corporation has a principal place of business – a more extreme circumstance than presented here, where there is no allegation that VM Inc. is inactive. *Compare*, *e.g.*, *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir.1995) (no principal place of business; only a citizen of its state of incorporation), *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir.1991) (principal place of business is the state where "it last transacted business"), *and Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 292 (4th Cir. 1999) (declining to resolve the issue but stating in dicta that the inactive corporation's "only business [would be] to pursue this

For example, in cases where "the (removing) defendant corporation's direction and control was more divided," courts have looked to indications such as where the majority of executive officers are based. *E.g.*, *Vazquez v. DataRobot, Inc.*, No. 22-cv-07619-LB, 2023 WL 6323101, at *8–9 (N.D. Cal. Sept. 28, 2023) (collecting cases). In situations where there are no corporate offices, the location of annual signing of the meeting requirement or the place where the "principal bank account is located" might supply a principal place of business. *Cf., e.g.*, *Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F. Supp. 589, 593–94 (N.D. Ill. 1993) (considering, in addition to office location, the location of the corporation's principal bank account and the location from which "major corporate decisions are undertaken."). But here, the record before the Court is wholly devoid of any facts from which VM LLC's principal place of business might be determined. By failing to put forth any proposal or detailed information, VM LLC has not carried its burden to show that this Court has subject matter jurisdiction over the pending controversy. And the Court must have subject matter jurisdiction to resolve a motion to compel arbitration. *E.g.*, *Scott v. Credico (USA) LLC*, No. 17-cv-02846-EMC, 2017 WL 4210994, at *4 (N.D. Cal. Sept. 22, 2017) ("Lacking subject matter jurisdiction, the Court is also without power to resolve Defendants' pending motions to dismiss and to compel arbitration.") (remanding case upon finding that amount in controversy for the Class Action Fairness Act was not satisfied).

Accordingly, the Court DEFERS the motion to compel arbitration and ORDERS the parties to submit supplemental briefing regarding subject matter jurisdiction as follows:

- **By December 4, 2026,** Defendant shall submit a supplemental brief, not to exceed five pages, attaching supporting declarations as necessary, regarding its principal place of business, including declarations from each and every VM Inc. board member attesting to the state in which they reside (and if they reside outside of the United States, the country or territory in which they reside);

---

litigation, an activity that was being conducted from Fairfax, Virginia."). The Ninth Circuit, commenting on these cases "pre-*Hertz*" opinions, explained that it has "not decided whether an inactive corporation must have a principal place of business." *3123 SMB LLC*, 880 F.3d at 467 (but calling the "logic in the proposition that an inactive corporation is only a citizen of the state of its incorporation" "perverse." (internal quotation marks, citations, and ellipses omitted)).

- Plaintiff may file a response, not to exceed five pages, **by no later than December 14, 2026**;
- If applicable, Defendant shall submit a reply, not to exceed two pages, **by no later than December 21, 2026**;
- The Court CONTINUES the December 9, 2026 hearing to **January 14, 2027,** at which time the Court may address subject matter jurisdiction and the motion to compel arbitration.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Noël Wise
United States District Judge